***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the brief and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes and enters the following Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties in a Pre-Trial Agreement and by Post-Hearing Agreement as:
 STIPULATIONS
1. On January 13, 2010, the parties were subject to and bound by the provisions of *Page 2 
the North Carolina Workers' Compensation Act.
2. An employment relationship existed between Plaintiff-employee and Defendant-employer.
3. The carrier on the risk was Liberty Mutual Insurance Company.
4. At the hearing and post-hearing, the parties submitted the following documents as stipulated exhibits:
 a. Stipulated Exhibit No. 1: Industrial Commission filings, medical records, and employment records.
 b. Stipulated Exhibit No. 2: Paragon Surgical Specialists medical records (2 pages)
5. The issue to be determined is as follows:
 • Whether or not plaintiff sustained a compensable "hernia" arising out of and in the course and scope of his employment with Defendant-employer within the meaning of the North Carolina Workers' Compensation Act as established under N.C. Gen. Stat. § 97-2(18)?
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was 57 years old at the time of the hearing before the Deputy Commissioner. Plaintiff is a high school graduate and also completed various college courses that included computer science and HVAC training. Plaintiff is currently employed as the maintenance supervisor at Huntersville Apartments which is managed by Westdale Asset *Page 3 
Management. Plaintiff has been employed since May 2008, earns $18.21 per hour and works 40 hours per week. Plaintiff's employment as a maintenance supervisor involves repair and maintenance at the apartment complex.
2. On or about January 13, 2010, Plaintiff was lifting a sleeper sofa with a co-worker and lifted it above his head and put it in a dumpster. The sofa weighed approximately 250 to 300 lbs. Plaintiff lifted the sleeper sofa at approximately 11:00 a.m. and he did not notice any immediate pain or injury. Plaintiff continued to work throughout the day and got off work at approximately 5:00 p.m. Plaintiff reported no pain, symptoms, or injury between 11:00 a.m. and 5:00 p.m.
3. Following work, Plaintiff went home, built a fire in his fireplace, sat down, "coughed", and felt something move in his abdomen. Plaintiff described it as an "unusual sensation" that was not painful. Plaintiff coughed again and experienced the same sensation. Plaintiff did not observe any swelling or lump in his abdomen.
4. Plaintiff waited several weeks before reporting the incident to his supervisor. Plaintiff's supervisor is Dawn McDonald. Plaintiff was sent to Urgent Care for evaluation.
5. Plaintiff was seen and evaluated at Northcross Urgent Care on February 15, 2010, and the history noted in the medical report indicates the following:
 "About one month ago was lifting a 200 lb. sofa with another person up into a dumpster — later that evening noted a pulling sensation in left lower quadrant with bearing down/cough, certain movements. This sensation is still present — does not notice a lump in the area. Denies any pain."
6. The history noted in the Northcross Urgent Care is consistent with Plaintiff's testimony at hearing.
7. Plaintiff confirmed throughout his testimony that he did not experience any *Page 4 
immediate pain, symptoms, or injury subsequent to his lifting of the sofa. Plaintiff confirmed throughout his testimony that he had no pain or symptoms until he went home and "coughed". Plaintiff's first symptoms appeared subsequent to his "cough."
8. Plaintiff was evaluated at Paragon Surgical Specialists on June 24, 2010, wherein Dr. James Iglehart diagnosed Plaintiff with a left inguinal hernia and recommended a surgical repair. A surgical repair had not been completed as of the date of the hearing before the Full Commission and is not currently scheduled.
9. Plaintiff testified he would like to undergo the surgical repair.
10. Plaintiff has remained employed with Westdale Asset Management and has not missed anytime from work. Plaintiff has continued his full duty employment as a maintenance supervisor without restriction.
11. Plaintiff has not sought medical treatment with any other medical providers.
12. Plaintiff has health insurance through his employer.
13. The greater weight of the evidence indicates plaintiff's pain, symptoms, and/or injury occurred immediately following his "cough" while at home. There is no evidence to indicate plaintiff's pain, symptoms, and/or injury occurred immediately following the lifting of the sleeper sofa.
14. The Full Commission finds that there is insufficient evidence of record to establish that Plaintiff's hernia arose out of and in the course and scope of his employment with Defendant-employer.
15. The Full Commission finds that there is insufficient medical evidence of record to establish that Plaintiff's hernia was causally related to the lifting incident on January 13, 2010.
 *********** *Page 5 
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On January 13, 2010, Plaintiff did not sustain an injury by accident and/or a specific traumatic incident arising out of and in the course and scope of his employment with Defendant-employer resulting in a hernia. N.C. Gen. Stat. § 97-2(18).
2. Plaintiff is therefore not entitled to workers' compensation benefits under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §§ 97-2(9); 97-25; 97-25.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for benefits is hereby DENIED.
2. Each side shall bear its own costs.
This the 2nd day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ *Page 6 
BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1